# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALFRED C. SCHARFF,
           Appellant,

v.

DEPARTMENT OF THE ARMY,
           Agency.

DOCKET NUMBER
DE-3443-19-0448-I-1

DATE: July 12, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alfred C. Scharff, Monument, Colorado, pro se.

Thomas J. Ingram, IV, Esquire, Omaha, Nebraska, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his placement on a performance improvement plan (PIP) and his contention of an involuntary retirement for lack of jurisdiction. On petition for review, the appellant renews his claim of an involuntary

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

retirement. Petition for Review (PFR) File, Tab 1 at 5-7.[2] Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the initial decision to find that the appellant failed to show that his retirement was involuntary, we AFFIRM the initial decision.

The administrative judge correctly found that the Board lacked jurisdiction to review the agency's decision to place the appellant on a PIP. Initial Appeal File (IAF), Tab 7, Initial Decision (ID) at 3 (citing *Shaishaa v. Department of the Army*, 58 M.S.P.R. 450, 454 (1992) (finding that an employee's placement on a PIP is outside the scope of the Board's jurisdiction)). He also found that the appellant's factual allegations precluded an involuntary retirement claim because the appellant "averred he had picked a retirement date in furtherance of his future plans . . . and then his supervisor placed him on a PIP that ended on his

---

[2] The appellant's petition for review appears to be untimely filed by approximately 16 minutes. PFR File, Tab 1 at 3. He claims that "the internet was down," *id.*, and further details issues he experienced with the e-Appeal Online system, PFR File, Tab 3 at 4-5. The 16-minute delay is minimal, and the appellant is pro se. Additionally, the Board has stated that, under limited circumstances, it will excuse delays in filing caused by difficulties encountered with the e-Appeal Online system. *See Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 5 (2014). Accordingly, we find good cause exists for the appellant's untimely filing.

previously selected retirement date." ID at 3. As such, he did not make any findings regarding the voluntariness of the appellant's retirement.[3] ID at 3-5.

We supplement the initial decision to find that the appellant failed to establish that his retirement was involuntary. The appellant claimed that he was coerced to retire. IAF, Tab 6 at 5. To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the retirement, the employee had no realistic opportunity but to retire, and the retirement was the result of improper acts by the agency. *Vitale v. Department of Veterans Affairs*, 107, M.S.P.R. 501, ¶ 19 (2007). The record contains no evidence that the agency imposed the terms of the appellant's retirement; to the contrary, the appellant states that he chose the date of his retirement. IAF, Tab 1 at 4. The appellant also claims that, in order "to avoid the humiliation of a PIP followed by a possible termination," he chose to retire. PFR File, Tab 1 at 6. Our reviewing court has held, however, that the fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make his decision any less voluntary. *See Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). Thus, the fact that the appellant was faced with the choice of completing the PIP or retiring does not make his choice to retire involuntary.

---

[3] Because the administrative judge determined that the appellant's factual allegations precluded an involuntary retirement claim, he did not inform the appellant below how he may establish jurisdiction over such a claim. ID at 3 & n.1; IAF, Tab 2; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Nonetheless, the lack of notice regarding how to meet his jurisdictional burden did not prejudice the appellant's substantive rights because the initial decision discussed ways in which an appellant can establish a claim of involuntary retirement and his pleadings otherwise demonstrate that he was aware of the jurisdictional prerequisites. *See Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 17 n.10 (2016) (excusing an administrative judge's failure to provide *Burgess* notice when an appellant's pleadings demonstrated that she was aware of the jurisdictional prerequisites of her appeal); *see also Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007) (explaining that an administrative judge's failure to provide *Burgess* notice can be cured if the initial decision puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden on review).

The appellant also argued on review that the Board should consider subjective factors, such as his background and work experience, when determining whether his working conditions were so intolerable that he felt compelled to retire. PFR File, Tab 1 at 6. When determining whether working conditions were so intolerable that an employee felt compelled to retire, thereby rendering his retirement involuntary, the Board looks to a "reasonable person *in his position*" standard. *Vitale*, 107 M.S.P.R. 501, ¶ 20 (emphasis added). Thus, although the Board gauges the ultimate question of whether an employee's retirement is voluntary by an objective standard, *see Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1341-42 (Fed. Cir. 2001), it nonetheless considers factors specific to an employee, such as length of service, when determining whether the totality of the circumstances supports a finding that his retirement was involuntary. Considering the appellant's background and work experience, we find that he failed to establish that his working conditions were so intolerable that he was compelled to retire. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (stating that dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to retire). Based on the foregoing, we find that the appellant failed to establish that his retirement was involuntary, and we supplement the initial decision in that regard.

The appellant also includes with his petition for review an August 5, 2019 email from the new Resident Engineer discussing the appellant's retirement and the PIP, and a portion of a performance appraisal that he claims he received on May 15, 2019. PFR File, Tab 1 at 5, 8-11. These documents do not provide a basis to disturb the initial decision. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence. *Avansino v.*

*U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Here, the appellant asserts that the performance appraisal is from May 15, 2019, and the email submitted on review is dated August 5, 2019. PFR File, Tab 1 at 8-11. The record closed on or around October 1, 2019. IAF, Tab 2 at 3. Thus, both documents existed before the close of the record, and the appellant has not explained why he failed to submit them below.

Further, although the August 5, 2019 email discusses the appellant's retirement and his placement on the PIP, it does not demonstrate that his retirement was involuntary; rather, it illustrates the appellant's "unpleasant situation" of a choice between "two unattractive options." PFR File, Tab 1 at 8. As explained above, such circumstances do not evidence involuntariness. *See Staats*, 99 F.3d at 1124. Accordingly, the email is not of sufficient weight to warrant an outcome different than that of the initial decision and, thus, does not provide a basis to grant the petition for review. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.